IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT FAIRBANKS

DENALI STATE BANK,

                Plaintiff(s),

vs.

HARBORTOUCH PAYMENTS, LLC,

                Defendant(s).

CASE NO. 4FA-16-_____CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Harbortouch Payments, LLC c/o Reg. Agent: The Corporation Trust Company

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 101 Lacey Street, Fairbanks, Alaska 99701
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): Michael S. McLaughlin, Esq.
    Address: Guess & Rudd P.C. 510 LStreet, Suite 700, Anchorage, Alaska 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge_____.

(SEAL)                      CLERK OF COURT

                                By:_____
_____                    Deputy Clerk
      Date

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)                            Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Michael S. McLaughlin, Esq.
Kristin E. Bryant, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: mmclaughlin@guessrudd.com
E-mail: kbryant@guessrudd.com

Attorneys for Denali State Bank

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| DENALI STATE BANK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HARBORTOUCH PAYMENTS, LLC,<br>Defendant. | Case No. 4FA-16-_____ CI |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Denali State Bank ("Plaintiff" or "Denali"), by and through its attorneys, Guess and Rudd, and as and for its Complaint for Declaratory Judgment against defendant Harbortouch Payments, LLC ("Defendant" or "Harbortouch"), states as follows:

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 1 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 2 of 16
Exhibit A Page 2 of 16

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1. After eighteen months of litigation and arbitration, Denali, an Alaska-based bank, and Harbortouch entered into a comprehensive Settlement Agreement. Harbortouch now claims, contrary to the express terms of the Settlement Agreement, that Denali has breached the Settlement Agreement through its alleged communications with its Alaska-based banking customers.

2. Unlike the earlier agreements between Denali and Harbortouch that contained New Jersey choice of forum provisions which are no longer operative, the Settlement Agreement contains no requirement that an action be brought in New Jersey.

3. This court has jurisdiction over this declaratory judgment action pursuant to AS 22.10.020(g) and because Denali is an Alaska-based bank and Harbortouch has been providing merchant services to customers in Alaska.

4. This court has personal jurisdiction over Harbortouch under AS 09.05.015(a)(1).

5. Venue for this litigation in the Fourth Judicial District is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3(c) because it is where Denali and most or all of the witnesses and affected customers are located.

## THE PARTIES

6. Denali is an Alaska Chartered State Bank with its principal place of business in Fairbanks, Alaska, and is in all ways qualified to bring this action.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 2 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 3 of 16
Exhibit A, Page 3 of 16

7. Harbortouch is a New Jersey Limited Liability Company, with offices at 2202 North Irving Street, Allentown, Pennsylvania. Harbortouch provides merchant processing services to customers, some of which are in and around Fairbanks, Alaska.

## FACTUAL BACKGROUND

**A.  The Original Agreements between Denali and Harbortouch**

8. On December 21, 2006, Denali signed an agreement with United Bank Card, a predecessor of Harbortouch (hereinafter, "Harbortouch"). The agreement provided that Denali was to refer potential merchants to Harbortouch, to whom Harbortouch could provide credit card and debit card processing and related services (the referred customers hereafter "Merchants"). The agreement had a four-year term and automatically renewed for two additional years unless terminated.

9. On November 30, 2012, Denali signed a new agreement with Harbortouch that contained a one-year term, with one-year options to renew. The reason for the new agreement was that Denali was dissatisfied with the service provided by Harbortouch but agreed to a further one-year term to give Harbortouch the opportunity to improve its service to their mutual customers (i.e., Merchants) and to Denali staff attempting to service Merchants and sign up Merchants. (The December 21, 2006 and November 30, 2012 Agreement, collectively referred to as the "Original Agreements").

10. During the periods that the Original Agreements were in effect, Denali used its best efforts to locate, investigate, and refer many Alaska-based Merchants to

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 3 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 4 of 16

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Harbortouch. The vast majority of the Merchants that Denali referred to Harbortouch were existing Denali Alaskan banking customers.

11. Pursuant to the Original Agreements, Denali received certain residual payments for every Merchant that remained at Harbortouch, which amounted to a percentage of the fees that Harbortouch generated ("Residuals"). Denali's entitlement to these Residuals continued even after the Original Agreements were no longer in effect. Thus, during and after the Original Agreements were in effect, Denali had every incentive for the Merchants to remain Harbortouch customers.

12. In the months leading up to August 2013, several of the Merchants that Denali had referred to Harbortouch began to complain about the inferior service they were receiving from Harbortouch. For example, Merchants complained to Denali that (a) their phone calls to the Harbortouch technical support line were not responded to in a timely manner; (b) they were often referred to Harbortouch's website for answers, rather than having questions answered directly by the customer service representative; and (c) emails to customer service often took several days to receive a response. In addition, Merchants complained that they were being offered superior pricing from Harbortouch competitors, and Harbortouch was unwilling to review pricing to remain competitive in the Fairbanks, Alaska market.

13. Denali shared the Merchants' concerns about the inferior service with Harbortouch, but Harbortouch refused to take steps to improve its service.

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 4 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 5 of 16

Exhibit A
Page 5 of 16

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

14. As a result of the inferior service, a number of Merchants who Denali referred to Harbortouch began to terminate their agreements with Harbortouch and move their accounts to other processors. Denali thus lost a portion of its expected Residuals.

15. In addition to losing some of its Residuals, Denali experienced increasingly strained relationships with the Merchants that it had referred to Harbortouch because of Harbortouch's failure to provide competitive pricing and adequate customer service.

16. Ultimately, Denali exercised its rights to terminate its relationship with Harbortouch as of November 30, 2013.

17. The Original Agreements contained several post-termination obligations, including Denali's obligation to continue to service Merchants that remained Harbortouch customers, Harbortouch's obligation to continue to pay Denali Residuals. The Original Agreements prohibited Denali from soliciting Merchants to terminate their relationship with Harbortouch.

18. The Original Agreements contained choice of law and forum provisions that provided that the Original Agreements would be construed under New Jersey law and that "the exclusive forum and venue for adjudication" of claims arising out of the Original Agreements would be "the federal or state courts of New Jersey."

19. The Original Agreements also contained a dispute resolution provision that required all disputes or claims arising out of the Original Agreements to be "settled by final and arbitration to be held in New Jersey in accordance with the commercial rules of the American Arbitration Association ("AAA")."

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
LEPHONE (907)793-2200
ACSIMILE (907) 793-2299
aw@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 5 of 15

### B. Prior Litigation Between The Parties

20. On or about September 9, 2014, Harbortouch filed an action in the New Jersey Superior Court, which Denali removed to the United States District Court for the District of New Jersey, claiming that Denali violated the non-solicitation provision in the Original Agreements ("Litigation").

21. On or about October 9, 2014, Harbortouch filed a motion for preliminary injunction with the District Court. Thereafter, Denali filed a motion to dismiss the Litigation and an opposition to the motion for preliminary injunction.

22. On May 19, 2015, the United States District Court for the District of New Jersey entered an order denying Harbortouch's motion for preliminary injunction and granted Denali's motion to dismiss the Litigation.

23. Shortly after commencing the Litigation, on or about September 22, 2014, Harbortouch also commenced an arbitration proceeding against Denali before the American Arbitration Association asserting the same claims that were asserted in the Litigation ("Arbitration").

### C. The Parties Settle The Litigation and Arbitration

24. On or about January 3, 2016 (the "Effective Date"), the parties entered into a written Settlement Agreement and General Release of the Litigation and Arbitration. ("Settlement Agreement"). (A copy of the Settlement Agreement is attached hereto as Exhibit A).

25. The Settlement Agreement was heavily negotiated over several months.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 6 of 15

Case 4:16-cv-00035-HRH Document 1-1 Filed 10/17/16 Page 7 of 16
Exhibit A Page 7 of 16

26. The crux of the Litigation and Arbitration was a dispute as to what non-solicitation meant, as it was not defined in the Original Agreements. As a result, the parties put in place a complex procedure for how Denali and Harbortouch would deal with Merchants' credit card processing services following entry of the Settlement Agreement. Section 5 of the Settlement Agreement, entitled, "Nonsolication" [sic] provided as follows:

  a. Harbortouch recognizes that many of the Merchants were and remain Denali banking customers and that as a result, Denali has a need and a right to have ongoing communication with these Merchants solely regarding their banking relationship with Denali as opposed to credit card processing services.

  b. Denali will not initiate any conversation with any Merchant in any way (i.e., phone, email, letter, etc.) regarding any issues related to Harbortouch or credit card processing services. Further, Denali will not attempt to induce and/or convince any Merchant, for any reason and/or in any manner, to terminate its relationship with Harbortouch and Denali is expressly prohibited from providing any Merchants with information concerning the Merchant's contractual relationship with Harbortouch and/or information regarding other credit card processing service providers/options, except as explicitly permitted by paragraph 5(c) immediately below.

  c. If any Merchant contacts Denali regarding and/or raises with Denali any issue related to Harbortouch or credit card processing services performed by Harbortouch, Denali will promptly refer that Merchant to Harbortouch and will promptly provide notice to Harbortouch that the Merchant reached out to Denali and the nature of said inquiry in reasonable detail. Denali agrees that it will not further discuss the issue with the Merchant for a period of six (6) business days (the "**Standoff Period**") after it has provided notice to Harbortouch of the issue. After the Standoff Period, Denali will be permitted to contact the Merchant, solely to confirm with the Merchant whether the issue has been resolved to the Merchant's reasonable satisfaction. Within forty-eight (48) hours of a Merchant's response to Denali's inquiry, Denali shall provide notice to Harbortouch that the Merchant confirmed the issue has been

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 7 of 15

Case 4:16-cv-00035-HRH Document 1-1 Filed 10/17/16 Page 8 of 16

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
ELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

resolved or the Merchant indicated the issue has not been resolved (with a brief explanation of the outstanding issue). In the event Harbortouch does not receive notice from Denali within eight (8) business days after the Standoff Period expires, the Merchant issue will be deemed to have been resolved for purposes of this Agreement. Any notice by the Merchant to Denali after such eight (8)-day period that the issue has not been resolved shall be treated as a new issue for purposes of this paragraph 5(c) and shall trigger another Standoff Period as set forth above. If the Merchant indicates that the issue has not been resolved to the Merchant's reasonable satisfaction after the Standoff Period has expired but prior to the expiration of the eight (8)-day period described above, Denali will not be in violation of the nonsolicitation provisions of paragraph 5 hereof by solely providing the Merchant information regarding other credit card processing service providers. If however, Denali provides such information or otherwise contacts any Merchant, despite the outstanding issue having been resolved and/or without adhering to the requirements of this paragraph 5(c), Denali will be subject to the penalty provision set forth in paragraph 5(d) below.

    d.    Denali shall pay Harbortouch a penalty of $5,000/Merchant for any Merchant who terminates their relationship with Harbortouch prior to the end-date of such Merchant's merchant agreement with Harbortouch. This provision only applies when a Merchant terminates their relationship with Harbortouch as a result of Denali's failure to adhere to paragraphs 5(a) through (c) above. In the event Harbortouch files an action against Denali for such penalty as a result of a breach of this Agreement and it is determined that Denali is not in breach of the Agreement, Harbortouch will be liable for all of Denali's fees, including attorneys fees, in defending the action. Conversely, in the event Harbortouch files an action against Denali, and ultimately obtains and/or is awarded the foregoing penalty fee, Denali will be liable for all of Harbortouch's fees, including attorneys' fees, in bringing and prosecuting the action.

    e.    Denali will not be liable if a merchant decides to terminate its relationship with Harbortouch so long as Denali complied with paragraphs 5(a) through (c) hereof.

27. Other provisions of the Settlement Agreement are also relevant to this litigation.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 8 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 9 of 16
Exhibit A, Page 9 of 16

28. In Section 3 of the Settlement Agreement, Harbortouch and Denali exchanged mutual general releases for all claims that arose on or prior to the Effective Date of the Settlement Agreement whether known or unknown.

29. Section 4 of the Settlement Agreement provided that Denali was no longer obligated to service Merchants having contracts with Harbortouch and thus all customer service for those Merchants became Harbortouch's responsibility.

30. In Section 6 of the Settlement Agreement, the parties agreed that neither party would make "any unsolicited disparaging remarks (verbally or in writing) to any third party about and/or concerning each other." ("Non-Disparagement Provision").

31. Section 13 of the Settlement Agreement contains an integration clause, which provides that the Settlement "Agreement constitute the entire agreement between the Parties and supersedes any prior written and/or verbal agreement between the Parties."

32. The Settlement Agreement does not contain a choice law or forum provision.

**D. Harbortouch Continues to Provide Inferior Customer Service to the Merchants, Wrongly Claims Harbortouch Breached the Settlement Agreement and Continues To Interfere With Denali's Relationship With Its Banking Customers.**

33. As expressly noted in the Settlement Agreement, many of the Merchants were also Denali banking customers. Moreover, in the Settlement Agreement, Harbortouch assumed all responsibility for servicing the Merchants after the Effective Date.

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 9 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 10 of 16

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

34. Even though Denali was no longer entitled to Residuals following the Effective Date of the Settlement Agreement, it was important to Denali that Harbortouch improve its customer service because the Merchants would often blame Denali for Harbortouch's poor performance.

35. Upon information and belief, since the Effective Date of the Settlement Agreement, Harbortouch has made no effort to improve its customer service even though Harbortouch was now responsible for fully servicing the Merchants.

36. Harbortouch's inferior customer service continues to jeopardize Denali's ongoing banking relationship with the Merchants who are also Denali customers.

37. For example, many months prior to the Effective Date, one of Denali's banking customers Rudy Gavora of Market Basket, Inc., who has several different merchant accounts with Harbortouch including Badger Gas and Hot Springs Gas, advised Denali that it intended to leave Harbortouch and find a new service provider.

38. As these communications between Gavora and Denali about the move pre-dated the Effective Date, they were not covered by the terms of the Settlement Agreement's non-solicitation provisions, nor was Denali required to "promptly refer that Merchant to Harbortouch" or "promptly provide notice to Harbortouch that the Merchant reached out to Denali and the nature of said inquiry in reasonable detail."

39. As a courtesy, on February 3, 2016, Denali advised Harbortouch by email that it had learned prior to the Effective Date that Mr. Gavora was in the process of moving his business from Harbortouch ("February 3, 2016 communication"). Denali

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 10 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 11 of 16    Exhibit A Page 11 of 16

also suggested that Harbortouch contact Mr. Gavora directly if it desired further communication regarding his accounts.

40. Notwithstanding this inferior customer service and Merchant complaints, Denali has adhered both to the spirit and letter of the Settlement Agreement. Nonetheless, Harbortouch wrongly claims Denali has breached the Settlement Agreement and has demanded payment.

41. On February 8, 2016, Harbortouch's General Counsel wrongly stated in an email that Denali's February 3, 2016 communication was "clearly and [sic] admission of a violation of the [Settlement] Agreement."

42. Denali promptly responded by email to Harbortouch's improper claims of breach of contract confirming that its discussions with Mr. Gavora pre-dated the Effective Date, and therefore denying the discussions were covered by the Settlement Agreement.

43. On August 17, 2016, in accordance with the Settlement Agreement, Denali promptly notified Harbortouch that Turning Point LLC, a Merchant customer of Denali, had issues with Harbortouch's credit card processing services ("August 17, 2016 communication"). The August 17, 2016 communication properly identified the nature of Turning Point's issues in reasonable detail as it contained a two paragraph summary of Turning Point's complaint.

44. On August 25, 2016, Harbortouch emailed Denali that it had resolved the issue with Turning Point. Thereafter, on August 26, 2016, which was more than six

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
aw@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 11 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 12 of 16    Exhibit A Page 12 of 16

business days after the August 17, 2016 communication, Denali contacted Turning Point, who advised that it was not reasonably satisfied with the resolution of its complaint with Harbortouch. Later that day, Denali notified Harbortouch that the issue had not been resolved and included a brief explanation of the outstanding issue.

45. On August 30, 2016, Harbortouch again improperly claimed in an email that Denali was in breach of the Settlement Agreement.

46. The harassment of Denali continued on August 30, 2016, when outside counsel for Harbortouch wrote to Denali's outside counsel. First, in addressing Mr. Gavora's accounts referenced above, outside counsel improperly claimed that: (a) Denali's breached the Settlement Agreement and (b) Denali improperly converted two of Mr. Gavora's accounts and that this conversion constituted intentional and malicious acts.

47. It was not possible for Denali to promptly refer Mr. Gavora to Harbortouch or promptly provide notice to Harbortouch that Mr. Gavora reached out to Denali as these actions pre-date the Effective Date of the Settlement Agreement by several months. Moreover, even if a claim arising out of these pre-Settlement Agreement communications was actionable, that claim was released in the Settlement Agreement.

48. Harbortouch's outside counsel also claimed, in his August 30, 2016 letter, that several other Merchants ("Other Merchants") had "stopped processing and/or terminated their relationship with Harbortouch prior to the end date of their contractual relationship with Harbortouch." And that, Harbortouch had "evidence" that Denali

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 12 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 13 of 16   Exhibit A Page 13 of 16

facilitated the Other Merchants switch from Harbortouch to a competitor credit card processing service provider.

49. As noted above, the Settlement Agreement prohibited Denali from initiating any conversations with any Merchant regarding Harbortouch or credit card processing services or attempting to induce or convince any Merchant to terminate its relationship with Harbortouch. The Settlement Agreement also required Denali to promptly notify Harbortouch if any Merchant contacted Denali with any issue related to Harbortouch or credit card processing services.

50. Despite its claim of having "evidence" of a breach of the non-solicitation provisions of the Settlement Agreement, Harbortouch has failed to specify the nature of this alleged evidence or how any action by Denali violated the prohibitions contained in the Settlement Agreement.

51. Instead, Harbortouch now claims that Denali's "inaction" constituted a breach of the Settlement Agreement, without providing any support for its claim that Denali was aware that the Other Merchants were terminating their relationship with Harbortouch prior to the termination taking place.

52. Without any factual explanation, outside counsel also suggested that Denali breached the Settlement Agreement's Non-Disparagement Provision. Outside Counsel failed to provide any specifics regarding any alleged disparaging remarks made by Denali.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 13 of 15

53. Ultimately, outside counsel indicated that unless Denali made a $60,000 payment to Harbortouch, it "intend[ed] to seek damages via formal legal action."

54. Lastly, outside counsel also referenced the situation involving Turning Point and threatened that if Turning Point terminated its relationship with Harbortouch, Harbortouch would seek damages from Denali.

## COUNT ONE

### Declaratory Judgment

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-54 above, incorporating them by reference as if each paragraph were set forth here in full.

56. Following the Effective Date of the Settlement Agreement, Denali has complied with each of its obligations under the Settlement Agreement.

57. Nonetheless, Harbortouch improperly contends that Denali has breached Sections 4 and 6 of the Settlement Agreement.

58. Denali is entitled to a declaratory judgment that it has not breached either Section 4 or 6 of the Settlement Agreement, or any other part of the Settlement Agreement.

**WHEREFORE**, Denali respectfully requests judgment in its favor and against Harbortouch as follows:

A. A judgment declaring that Denali has not breached the Settlement Agreement by its actions or inactions;

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, AK 99501
TELEPHONE (907)793-2200
FACSIMILE (907) 793-2299
law@guessrudd.com

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 14 of 15

Case 4:16-cv-00035-HRH   Document 1-1   Filed 10/17/16   Page 15 of 16  Exhibit A - Page 15 of 16

B.  A judgment awarding Denali its actual costs, interest, attorneys' fees, and other legal costs incurred herein; and

C.  A judgment awarding Denali such other and further relief as this Court deems just.

DATED at Anchorage, Alaska, this 7th day of September, 2016.

GUESS & RUDD P.C.
Attorneys for Plaintiff Denali State Bank

By: _____
Michael S. McLaughlin
Alaska Bar No. 8511137
Kristin E. Bryant
Alaska Bar No. 1011070

Complaint for Declaratory Judgment
Denali State Bank v. Harbortouch Payments, LLC; Case No. 4FA-16-_____ CI
Page 15 of 15